|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>NOV 25 2009<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY chackel DEPUTY CLERK |
| In re:<br>Mark Edwin Sackenreuter,<br>Matilde Sackenreuter<br><br>Sandra McBeth<br>Debtor(s).<br>Trustee. | CHAPTER: 7<br><br>CASE NO.: 9:09-bk-12931-RR<br><br>DATE: November 24, 2009<br>TIME: 9:00 AM<br>CTRM: 201<br>FLOOR: 2nd |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT:  Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc. )

1. The Motion was:  ☐ Contested  ☒ Uncontested  ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   Street Address:  **5 Rising Sun Court**
   Apartment/Suite No.:
   City, State, Zip Code:  **Henderson, NV 89074**

   Legal description or document recording number (including county of recording):

   ☐ See attached page.

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                 **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Mark Edwin Sackenreuter | | | |
| Matilde Sackenreuter | | Debtor(s) | CASE NO: 9:09-bk-12931-RR |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated:   11/25/2009

*Robin Riblet*

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                   **F 4001-1O.RP**

| In Re (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|
| Mark Edwin Sackenreuter<br>Matilde Sackenreuter | Debtor(s) | CASE NO: 9:09-bk-12931-RR |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 Was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of     11-24-09                , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

donna@mcbethlegal.com
ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Mark E Sackenreuter
Matilde Sackenreuter
3900 Calle Valle Vista
Newbury Park, CA 91320

David S Quintana
300 Esplanade Drive, Ste. 1180
Oxnard, CA 93036

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                                    **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Mark Edwin Sackenreuter | | | |
| Matilde Sackenreuter | | Debtor(s) | CASE NO: 9:09-bk-12931-RR |

## SERVICE LIST

Jacqueline A Gruber
4375 Jutland Dr Ste 200
San Diego, CA 92177-0933

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                         **F 4001-1O.RP**

MIN: 1001706-0060228001-7  **NOTE**  Loan Number:

MARCH 24, 2006   ENCINO   CALIFORNIA
[Date]   [City]   [State]

5 RISING SUN COURT, HENDERSON, NEVADA 89074
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 270,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is PPI EQUITIES INC., DBA PACIFICA MORTGAGE, A CALIFORNIA CORPORATION-CRMLA 4130559. I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.875 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   (A) **Time and Place of Payments**
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the 1st day of each month beginning on MAY 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on APRIL 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at 6345 BALBOA BLVD., BLD 3 SUITE 270, ENCINO, CALIFORNIA 91316
   or at a different place if required by the Note Holder.

   (B) **Amount of Monthly Payments**
   My monthly payment will be in the amount of U.S. $ 1,773.71.

4. **BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

**ALLONGE ATTACHED**

DocMagic eForms   800-649-1362
www.docmagic.com

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01   Page 1 of 3

Us3200.not-a

EXHIBIT 1
13